UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TECHNOLOGY LENDING PARTNERS, LLC, *et al.* | § § § | |
| Appellants, | § § § | CIVIL ACTION NO. C-07-346 |
| v. | § § | CIVIL ACTION NO. C-07-237 |
| SAN PATRICIO COUNTY COMMUNITY ACTION AGENCY, *et al.* | § § § | |
| Appellees. | § | |

**MEMORANDUM OPINION & ORDER**

Appellants filed a Motion for Rehearing[1] from this Court's dismissal of their appeals from certain bankruptcy court orders. The Court found that the appeals from the bankruptcy court's orders relating to the settlement and the distribution of the settlement proceeds should be dismissed as moot because the settlement had been substantially consummated.[2] After considering the motion, response, and applicable law, the Court is of the opinion that the Motion for Rehearing should be DENIED.

Appellants argue the mootness doctrine should not be applied to this case because "the facts of this case are completely different from the facts in the decision on which the Court relies," *Manges v. Seattle First Nat'l Bank (In re Manges)*, 29 F.3d 1034, 1038 (5th Cir. 1994). In *Manges*, the Fifth Circuit applied the equitable mootness doctrine to a plan of reorganization that had largely been consummated when the debtors sought to appeal the confirmation order. *Id.* at 1037. The Fifth

---

[1] *See Tech. Lending Partners, et al. v. San Patricio County Cmty. Action Agency, et al.,* Civil Action No. 2-07-237, dkt. #28; *Tech. Lending Partners, et al. v. San Patricio County Cmty. Action Agency, et al.,* Civil Action No. 2-07-346, dkt. #22.

[2] Dkt. #27.

Circuit held that, in determining if an appeal is moot, the court should analyze three factors: (1) whether a stay has been obtained; (2) whether the plan has been "substantially consummated"; and (3) whether the relief requested would affect the rights of third parties not before the court. *Id.* at 1039. Appellants here accept the standard set out in *Manges*, but disagree that the facts of this case support a mootness finding. Specifically, they claim that, unlike the debtors in *Manges*, they sought a stay of the settlement, which the bankruptcy court denied, and that their inability to obtain a stay should not moot their appeal. Contrary to the Appellants' reading, the *Manges* debtors "diligently–albeit unsuccessfully–pursued a stay at every turn." *Id.* at 1040. Despite the debtors attempts to obtain a stay, the Fifth Circuit still found that the appeal was moot because, by the time the appeal was sought, the plan of reorganization had been substantially consummated. Thus, the Fifth Circuit's ruling indicates that seeking a stay is not dispositive, and the equitable mootness doctrine must be applied in light of the circumstances that exist when the court is considering the appeal. *See id.* at 1040 (noting "the failure or inability to obtain a stay pending appeal carries the risk that review might be precluded on mootness grounds"); *see also In re UNR Indus., Inc.*, 20 F.3d 766, 769–70 (7th Cir. 1994) ("A stay not sought, and a stay sought and denied, lead equally to the implementation of the plan of reorganization."). As discussed in the Memorandum Opinion and Order, the Court considered the transactions that had transpired in the absence of a stay, and the evidence demonstrated that the settlement had been substantially consummated.

Further, Appellants' contention that it would be easy to fashion a remedy in this case ignores the reality of the negotiated settlement and the distribution of the settlement proceeds. Unwinding the settlement would require undoing releases, disgorging funds paid to 50 creditors and government agencies (including Appellants), disgorging special counsel fees, and reinstating several adversary

proceedings that have been dismissed with prejudice. As previously explained, Appellants simply cannot pursue the remaining insurance proceeds when St. Paul paid $650,000 in exchange for a full and final settlement of all claims against the Policy and a release from all further obligations under the Policy. Contrary to the Appellants' proposed simple resolution, the only feasible remedy would require the Court to unravel the entire settlement.

Additionally, the Appellants contend that the Court did not fully address the fact that the settlement extinguished Appellants' separate state cause of action against Lupita Paiz, Debtor's Executive Officer. The Trustee intervened in the Appellants' state court actions and removed them into the Debtor's bankruptcy. Regardless of how they may describe their causes of action, Appellants' actions were removed and they were included in the final settlement agreement because they sought proceeds from the St. Paul insurance policy, not from Paiz individually. Moreover, it was unnecessary for the Court to consider the merits of the appeal once it determined that the appeal was moot.[3] *Manges*, 29 F.3d at 1044.

Finally, Appellants dispute the contingency fee approved by the bankruptcy court, employing the Law Offices of Michael Schmidt and the Law Offices of Alsup & Alsup as special counsel. Appellants' argument that the bankruptcy court improperly approved the contingency fee arrangement and did not analyze the attorneys' fees awarded in this case under the traditional lodestar method is without merit. The Bankruptcy Code specifically authorizes the bankruptcy court to approve the employment and compensation of special counsel on a contingency fee basis. 11 U.S.C. § 328(a); *Daniels v. Barron (In re Barron)*, 325 F.3d 690 (5th Cir. 2003) ("Under 11 U.S.C.

---

[3] For the same reasons, the Court did not find it necessary to address the bankruptcy court's determination that the insurance policy was property of the Debtor's estate.

§ 330, attorneys' fees are reviewed for their reasonableness after representation has concluded.  In contrast, Section 328 . . . allows an attorney seeking to represent a bankruptcy estate to obtain prior court approval of her compensation plan.").

Accordingly, because the Appellants have simply re-urged the arguments already made before this Court and have offered no new evidence for consideration, the Court will deny Appellants' Motion for Rehearing.

It is so ORDERED.

SIGNED this 9th day of April, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE